**Brian CHICK, Appellant,**

v.

**GOVERNMENT OF the VIRGIN ISLANDS, Appellee.**

**D.C.Crim.App. No. 95–33.**

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

Considered Sept. 18, 1996.

Decided Sept. 30, 1996.

**50**

Ronald R. Pennington, Tom Bolt & Assoc., P.C., St. Thomas, U.S.V.I. for Appellant.

Michael B. Law, Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, U.S.V.I., for Appellee.

Before MOORE, Chief Judge, District Court of the Virgin Islands; FINCH, Judge of the District Court of the Virgin Islands; and EDGAR D. ROSS, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## OPINION OF THE COURT

### PER CURIAM.

This case is before the Court on appeal from a judgment following a plea of guilty. For the following reasons, we find that we have no jurisdiction to consider this appeal.

Appellant was charged in Criminal No. F270–1992 with eighteen counts of fraud for property valued at more than $100.00 from April 6, 1992 to May 22, 1992 in violation of V.I. Code Ann. tit. 14, § 834(2) (obtaining money by false pretense).[1] Appellant was charged with an additional four counts of property fraud from July 10, 1992 through July 22, 1992 in Criminal No. F34–1993 [2]

In each instance, appellant falsely represented himself as an authorized agent of a local business and charged merchandise to that company's account. The cumulative amount thus obtained by false pretenses from the two companies was alleged to total $6,955.63.[3]

On November 21, 1994, the appellant appeared for a change of plea pursuant to his bargain with the Government. After the trial court satisfied itself that the plea was voluntary and willingly entered, it accepted appellant's plea of guilty to one count in each case, his agreement to make full restitution plus interest, and the Government's agreement to dismiss the remaining 20 counts and remain silent at sentencing.[4]

After a presentence report was prepared, the Territorial Court sentenced Chick to concurrent four year prison terms on each count, with credit for time served.[5] This appeal followed.

## DISCUSSION

Appellant contends that the trial judge abused his discretion in imposing a severe sentence without considering appellant's particular situation. He also claims that the sentence was disproportionate to the convicted crime and that the sentence violated the Eighth Amendment prohibition against cruel and unusual punishment.

We have previously held that, in an appeal of a conviction entered and a sentence imposed on a plea of guilty under 4 V.I.C. § 33, we have jurisdiction to consider only colorable claims of violation of the Constitution or laws of the United States. *Warner v.*

---

1. Appellant's Appendix ["App."] at 19–24.

2. App. at 44–45.

3. App., Exhibit "A", Sentencing Transcript at 5.

4. App., Exhibit "B", Change of Plea Transcript at 3. A tentative agreement apparently had been negotiated but was never presented to or accepted by the court. The parties conditionally agreed that appellant would make full restitution in exchange for the Government's promise that it would not oppose appellant's application for probation without conviction under 5 V.I.C. § 3711. Further, if the court rejected section 3711, then appellant would plead guilty to one count of each information and make full restitution in ex-

change for the Government's recommendation of a suspended jail sentence and probation. App. at 41–43. When appellant sought section 3711 application, it was not granted because the court found that appellant's systematic pattern of criminal conduct over a forty-five day period did not warrant such leniency. Appellant makes no claim that the Government or trial court committed any breach of a plea bargain, and we conclude that there is no basis for such a claim. App. at 34–36.

5. App., Exhibit "A", Sentencing Transcript at 20. Appellant had already served five days in jail.

*Government of the Virgin Islands,* V.I. BBS 93CR135A. DT3, slip op. at 2, 1995 WL 809882 (D.V.I.App. Aug. 30, 1995); *see Carter v. Government of the Virgin Islands,* 1996 WL 76230 (D.V.I.App. Jan. 8, 1996). In essence, this Court has jurisdiction only to consider the post-plea allegation if it colorably implicates constitutional issues.[6]

■ In general, the severity of a sentence is not reviewable so long as it falls within the statutory limits. Appellant does not suggest that the imposed sentence falls outside the legal parameters outlined by 14 V.I.C. § 834(2), which provides a maximum sentence of ten years imprisonment for each count. He does claim, however, that his sentence, by failing to take into account his individual situation, deprived him of due process, commonly referred to as a failure to 'individualize the sentence'.

> "Necessarily, the exercise of a sound discretion ... requires consideration of all the circumstances of the crime, for '[t]he belief no longer prevails that every offense in a like legal category calls for identical punishment....' In discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in the crime."

*Williams v. Oklahoma,* 358 U.S. 576, 585, 79 S.Ct. 421, 427, 3 L.Ed.2d 516 (but finding that the sentence imposed fell within the possible range of punishment and therefore was not violative of petitioner's due process), *reh'g denied,* 359 U.S. 956, 79 S.Ct. 737, 3 L.Ed.2d 763 (1959); *United States v. Thompson,* 483 F.2d 527, 529 (3d Cir.1973) (holding that the sentencing court should consider information presented by defendant and the presentence report which could be cause for mitigation, and that a fixed view at sentencing is inconsistent with judge's vested discretion to "fulfill his mandate to tailor the sentence imposed to the circumstances surrounding each individual defendant").

Nothing in the proceedings of this case, however, even suggests that the trial judge did not consider mitigating circumstances set forth in the presentence report and other factors urged by counsel at allocution. On the contrary, the court made various references to the mitigating factors, such as appellant's college degree in engineering, his status as a first time offender, and that he had served in the military, during which he earned two medals and was honorably discharged.[7] After taking these factors into consideration, the court nonetheless imposed a sentence far less than the allowable statutory maximum of 10 years imprisonment. There is thus no basis to appellant's claim that the trial judge failed to individualize his sentence.

■ Finally, appellant's sentence was not extreme and "grossly disproportionate" to the crime. *Harmelin v. Michigan,* 501 U.S. 957, 962, 1001, 111 S.Ct. 2680, 2683–84, 2705, 115 L.Ed.2d 836 (1991). First, the sentence fell well within the legislative guidelines. Second, appellant successfully bargained 22 separate counts of fraud and false representation to two counts. Third, the maximum imprisonment the judge could have imposed if consecutive sentences were found appropriate was 20 years. Any assertion that appellant's sentence of four years was grossly disproportionate to the crime committed is thus patently frivolous.

## CONCLUSION

Because this Court concludes that the record before this Court supports no colorable claim under the Constitution and the laws of the United States, we find that we are without jurisdiction to further consider this appeal from a guilty plea.

---

**6.** *See Government of the Virgin Islands v. Warner,* 48 F.3d 688 (3d Cir.1995).

**7.** *See* App., Exhibit "A", Sentencing Transcript at 14, 19.