**NICHOLAS KARPOUZIS, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 1997-092

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 24, 1999

Andrew L. Capdeville, Esq., St. Thomas, U.S.V.I., *for Appellant*

Joel H. Feld, Esq., St. Thomas, U.S.V.I., *for Appellee*

Thomas K. Moore, Chief Judge, District Court
Raymond L. Finch, Judge, District Court and
Patricia D. Steele, Territorial Court Judge, Division of St. Croix, Sitting by Designation

### OPINION OF THE COURT

PER CURIAM.

Appellant Nicholas Karpouzis ["Karpouzis"] asks the Court to consider whether the Territorial Court violated his constitutional

rights by sentencing him to fifteen years in prison and imposing $150,000 in restitution, plus four years' probation and 400 hours of community service, for obtaining money under false pretenses in violation of V.I. CODE ANN. tit. 14, § 834. For the reasons set forth below, the Appellate Division finds that the appellant has presented a colorable claim under the Due Process Clause of the Constitution.[1] The Court concludes that the sentence imposed by Territorial Court Judge Ive A. Swan violated Due Process because it was not authorized by Virgin Islands law.[2]

## FACTUAL SUMMARY

In March, 1996, Karpouzis' construction company lost its Virgin Islands business license because the only principal actually licensed as a local contractor with the company left its employ. Misrepresenting the status of the company's license, Karpouzis continued to accept new business and do work on existing projects for two months. He obtained construction contracts totaling over $102,000 in value, but did minimal work in furtherance of those contracts. The government subsequently charged him with, among other things, obtaining money under false pretenses in violation of 14 V.I.C. § 834(2). The trial judge set bail at two million dollars, which this Court vacated as excessive. See *Karpouzis v. Government of the Virgin Islands*, 36 V.I. 132, 961 F. Supp. 841 (D.V.I. App. Div. 1997). No new bail was set pending trial, as the appellant pled guilty to two fraud counts just days after our opinion was handed down. (*See* App. at 28.) The appellant was not admitted to bail pending sentencing, and bail has not been set pending this appeal.

The trial judge refused to accept two plea agreements between the government and the appellant's counsel because he felt that the proposed penalties were too lenient. Ultimately, at a change of plea hearing on April 3, 1997, Karpouzis appeared in Territorial Court

---

[1] The Due Process Clause is applicable to the Virgin Islands under section three of the Revised Organic Act of 1954. The complete Revised Organic Act is located at 48 U.S.C. §§ 1541-1645 (1994), reprinted in V.I. CODE ANN. 73-177, Historical Documents (1995 & Supp. 1998) (preceding Title One of *Virgin Islands Code*).

[2] Since the Court resolves this appeal on Due Process grounds, we do not reach appellant's other contention that the Territorial Court violated the Eighth Amendment's proscription against cruel or unusual punishment in sentencing him.

to plead guilty to two counts of obtaining money by false pretenses under an agreement with the government by which all other counts against him would be dismissed. His counsel recommended to the trial court that the appellant receive a jail sentence of no more than six years, two of which would be suspended, plus restitution in the amount of $150,000. The government did not object to this recommendation. (*See id.* at 7.) In response, the trial judge warned Karpouzis that he "had in mind . . . fifteen years of incarceration," and noted that this sentence was "a far cry from what the parties have in mind." (*Id.* at 12.) The trial judge told Karpouzis that he would make no recommendation at the sentencing hearing concerning work release. (*See id.* at 50-52.) Karpouzis then entered his guilty plea. After the hearing, the government filed a memorandum requesting that the trial court consider a lesser term of imprisonment. On April 14th, more than a month before the sentencing hearing, the trial judge ordered Karpouzis to pay $110,000 in restitution under the terms of his plea agreement. (*See id.* at 132-33.)

Karpouzis appeared for sentencing on May 28, 1997. Disposing of the government's request for a more lenient sentence, Judge Swan read from the transcript of his remarks at the change of plea hearing, (*id.* at 2-31), and then commented:

> I said straight fifteen years and straight fifteen means one, two, three, four, five, six, seven, eight, nine, ten, 11, 12, 13, 14, 15, and that is what I mean by straight fifteen.
>
> Now, if we're not going to agree to a straight fifteen, I would simply allow the Defendant to withdraw his plea and we can try this case next Monday, or I can give a July 7 [trial] date in which we can go for broke.

(*Id.* at 38.) After a brief recess, the appellant returned for sentencing. The court heard Karpouzis' allocution, arguments from his attorneys, and statements from his uncle and three of his victims. (*See id.* at 54-108.) Karpouzis was then sentenced to fifteen years in prison; ten years on the first fraud count and five years for the second, the sentences to be served consecutively.[3] Acknowledging

---

[3] The trial judge was not bound by the terms of the parties' plea agreement. *See* Fed. R. Crim. P. 11(e)(1)(B), which Terr. Ct. R. 7 made applicable to Territorial Court proceedings.

that Karpouzis already had deposited $110,000 with the court before sentencing,[4] the judge ordered him to pay an additional $40,000 in restitution over the next four years. In addition, the judge required Karpouzis to perform 400 hours of community service and to remain on probation for four years upon his release. Finally, the judge recommended that the appellant not be allowed any work release, parole, or pardon. (*See id.* at 108-10.) Karpouzis filed this timely appeal of his sentence.

### DISCUSSION

Our first task is to determine whether we have jurisdiction to entertain this appeal from a sentence imposed on a plea of guilty. The Appellate Division recently considered such a threshold issue in *Chick v. Government of the Virgin Islands*, 941 F. Supp. 49 (D.V.I. App. Div. 1996). We noted there that our jurisdiction over appeals from convictions based on guilty pleas is limited to "colorable claims of violation of the Constitution or laws of the United States."[5] Chick argued that his sentence deprived him of due process because it was not adequately individualized under *Williams v. Oklahoma*, 358 U.S. 576, 3 L. Ed. 2d 516, 79 S. Ct. 421 (1959), in which the Supreme Court observed:

> Necessarily, the exercise of a sound discretion . . . require[s] consideration of all the circumstances of the crime, for "(t)he belief no longer prevails that every offense in a like legal category calls for an identical punishment . . . ." In discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in the crime.

---

[4]Karpouzis obtained these funds by borrowing money from members of his family, including his father, who made arrangements to sell his home. (*See* App. at 68, 90.)

[5]*See* 941 F. Supp. at 51 (citations omitted); *see also Monsanto-Swan v. Government of the Virgin Islands,* 33 V.I. 138, 141, 918 F. Supp. 872, 874 (D.V.I. App. Div. 1996) (acknowledging that the power of the Virgin Islands legislature to withhold Appellate Division jurisdiction over appeals from convictions and sentences based on guilty pleas extends from Revised Organic Act section 23A, which also prohibits the legislature from limiting appellate review of "any judgment or order which involves the Constitution, treaties, or laws of the United States").

*Id.* at 585 (citation omitted). In *Chick*, we concluded that the Appellate Division lacked jurisdiction to consider the defendant's abuse of discretion claim because the trial judge had considered the mitigating circumstances set forth in the presentence report and imposed a sentence that was "far less than the allowable statutory maximum." *See Chick*, 941 F. Supp. at 51.

Our analysis in Chick recognized that, under *Williams v. Oklahoma*, the sentencing process is not wholly immune from judicial review. The punishment must fit the convict as well as the crime. *See, e.g., Williams v. New York*, 337 U.S. 241, 93 L. Ed. 1337, 69 S. Ct. 1079 (1949) (ruling that due process requires the trial judge to consider all information bearing on the circumstances of the crime and the defendant); *Townsend v. Burke*, 334 U.S. 736, 741, 92 L. Ed. 1690, 68 S. Ct. 1252 (1948) (holding that due process requires appellate courts to scrutinize the sentencing process to insure that sentences are based on reliable information). For example, the Third Circuit Court of Appeals has recognized that "even after conviction the due process clause imposes some significant restraint to assure the essential fairness of the procedure by which a judge shall exercise discretion in fixing punishment within permissible limits." *United States ex rel. Collins v. Claudy*, 204 F.2d 624, 628 (1953). This principle has not faded with the passage of time. In 1973, the Court of Appeals acknowledged that trial judges must "tailor the sentence imposed to the circumstances surrounding each individual defendant." *United States v. Thompson*, 483 F.2d 527, 529 (1973). Just three years ago the Appellate Division was directed to consider a due process challenge raised by a defendant who had been sentenced after entering a guilty plea. *See Government of the Virgin Islands v. Warner*, 31 V.I. 373, 48 F.3d 688, 692 (3d Cir. 1995). This Court thus must determine whether Karpouzis has raised a colorable due process claim.

■ Karpouzis alleges that the trial court violated his right to due process by ignoring mitigating factors at sentencing. A fixed view at sentencing is incompatible with the judge's duty to individualize the sentence. *See Chick*, 941 F. Supp. at 51. We agree that the trial judge created the impression that his mind was closed at sentencing by rejecting two previous plea agreements and insisting that Karpouzis receive a fifteen-year sentence. Further, unlike the

sentence imposed on Chick, Karpouzis' sentence was not "far less than the allowable statutory maximum." *See id.* Since the appellant has raised a colorable due process claim, we must consider it. Our review of this question of law is plenary. *See Nibbs v. Roberts,* 31 V.I. 196, 204 (D.V.I. App. Div. 1995) (citing *Government of the Virgin Islands v. Etienne,* 28 V.I. 121, 127, 810 F. Supp. 659, 662 (D.V.I. App. Div. 1992)).

After examining Judge Swan's statements and actions as reflected by the record of the proceedings below, we cannot find that the judge completely ignored mitigating factors. The judge pronounced sentence only after acknowledging that he had heard the factors presented in mitigation on the appellant's behalf. (See App. at 108 ("have listened to both sides and now I am going to make my decision. I see no reason for me to change my original plan . . . .") The trial judge tailored the sentence to fit the perpetrator.

Rather, review of Karpouzis' due process claim has led the Court to conclude that Judge Swan "over-individualized" the sentence to the point of rendering it illegal. The trial judge's action in setting an excessive bail of two million dollars was an early indication that Karpouzis was being singled out for special treatment. Cash bail of two million dollars for the non-violent crime of obtaining money by false pretenses is unheard of in the Virgin Islands. This extraordinary bail was premised on the view that Karpouzis was a flight risk since he faced 165 years in prison and had few attachments to the Territory. We vacated the $2,000,000 bail as excessive because it was the "equivalent of a straight detention order," which Virgin Islands law forbids for non-violent offenses not involving illegal drugs. *See Karpouzis,* 36 V.I. at 147-48, 961 F. Supp. at 851.

As the Supreme Court acknowledged in *Hicks v. Oklahoma,* 447 U.S. 343, 346, 65 L. Ed. 2d 175, 100 S. Ct. 2227 (1980), an erroneous sentencing decision may violate due process. In Hicks, the defendant was entitled to have his punishment fixed by the jury at any number of years not less than ten. Instead, he was erroneously given a "mandatory" forty-year sentence. Although this erroneous sentence was within the applicable range of punishment under the proper statute, the Court held that the defendant's loss of his right to discretionary sentencing violated due process because the denial

184

of the benefit of the range of punishment to which he was entitled was prejudicial. *See id.* "The defendant . . . . has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined . . . in the exercise of [] statutory discretion." *Id.* The fact that Karpouzis was sentenced by a judge instead of a jury does not change this basic principle.

We are now confronted with a very severe sentence imposed by the same Territorial Court judge who set the excessive bail. Karpouzis' sentence exceeds that authorized by the Virgin Islands Code in at least three respects. First, Judge Swan ordered Karpouzis to pay $110,000 in restitution without first placing him on probation, as our laws require. *See* 5 V.I.C. § 3711 (authorizing restitution during probation period); *cf. Monsanto-Swan*, 33 V.I. 138 at 150, 918 F. Supp. at 879 (affirming jail term ultimately imposed on defendant who failed to pay restitution throughout six-month probation period and additional three-month period during which Territorial Court suspended execution of sentence).

Second, the trial judge violated the sentencing statute by adding $40,000 to the $110,000 restitution already ordered. Sentencing judges cannot order defendants convicted of Virgin Islands crimes to pay restitution for those crimes from prison. *See* 5 V.I.C. § 3721 ("The court, by order, *may withhold sentence or impose sentence and stay its execution,* and in either case place the person on probation . . . . *If the court places the person on probation,* the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime.") (emphasis added). Virgin Islands law reflects the realistic view that most inmates will not be able to obtain the funds needed to compensate their victims while they are in prison.

■ Third, the trial judge added four years' probation to an unsuspended fifteen-year jail sentence, in violation of the Virgin Islands Code. *See* 5 V.I.C. § 3711 (restricting eligibility for probation to defendants incarcerated for six months or less).

■ Although the record does not contain explicit proof that personal animus motivated the trial judge in sentencing Karpouzis, the Appellate Division finds that the aforementioned excessive bail and violations of local sentencing provisions create

185

the distinct suggestion that bias and prejudice played a role in the sentencing. One additional aspect of the sentence impels this conclusion, namely, the trial judge's breach of his promise at the plea colloquy that he would make no recommendation concerning work release. We have already pointed out that the judge recommended at sentencing that Karpouzis not be allowed work release. By misleading Karpouzis at the plea colloquy, the sentencing judge violated the due process requirement that a defendant who enters a guilty plea must do so with "a full understanding of what the plea connotes and of its consequence." *See Boykin v. Alabama*, 395 U.S. 238, 244, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Even if the Appellate Division did not find the appellant's sentence constitutionally defective due to the illegal sentence and appearance of bias, we would vacate the sentence and remand for resentencing in light of the trial judge's departure from his comments at the change of plea hearing.

### CONCLUSION

Almost every resident of the Virgin Islands knows someone who has experienced the anxiety and hardship of relying on an unknown craftsman to repair his or her home, and the victims' allocution at the sentencing hearing emphasized the misery and suffering that Karpouzis caused to numerous families who had depended upon him to repair hurricane damage to their homes. At the sentencing hearing, Karpouzis' counsel recognized the apparent bias that we find implicit in the record: "Nick Karpouzis seems to be having his head put on the block not only for the sins that he committed against these innocent victims, but because of the pain and suffering caused by so many other uncaptured, unlicensed, and unqualified contractors in our community." (App. at 70.)

"A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. *But our system of law has always endeavored to prevent even the probability of unfairness." In re Murchison*, 349 U.S. 133, 136, 99 L. Ed. 942, 75 S. Ct. 623 (1955) (emphasis added). The Appellate Division will vacate Karpouzis' sentence and remand this case to the Territorial Court for resentencing in accordance with Virgin Islands law and this opinion. Because it appears that Karpouzis'

sentence may have resulted from bias, we will direct that the resentencing be assigned to another judge. The docketing of this Memorandum Opinion and Order shall constitute the immediate mandate of this Court. *See* V.I. R. App. P. 32 ("The mandate of the Appellate Division shall issue twenty-one days after the entry of judgment unless the time is shortened or enlarged by order.").

DATED this 24th day of June, 1999.

## ORDER

AND NOW, this 24th day of June, 1999, having considered the parties' arguments and submissions, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

ORDERED that the appellant's sentence is VACATED; and it is

ORDERED that this case is REMANDED to Territorial Court for resentencing by another judge. It is further

ORDERED that the mandate of the Appellate Division shall issue with the docketing of this Order.