**MICHAEL SALAZ, Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 2005-01

District Court of the Virgin Islands

Division of St. Thomas and St. John

July 20, 2007

A. JAMES CASNER, III, ESQ., St. Thomas, U.S.V.I., *For the Appellant.*

MAUREEN PHELAN, AAG, St. Thomas, U.S.V.I., *For the Appellee.*

FINCH, *Chief Judge of the District Court of the Virgin Islands*; GÓMEZ, *Judge of the District Court of the Virgin Islands*; and DONOHUE, *Judge of the Superior Court, Division of St. Croix, sitting by designation.*

## MEMORANDUM OPINION

(July 20, 2007)

Appellant Michael Salaz ("Salaz") appeals his sentence arising from a criminal conviction of rape in the second degree in which he received the maximum sentence of ten years in prison. Salaz states the sentencing judge abused his discretion and violated due process by:

> (1) . . . considering counts that had been dismissed when imposing the sentence, (2) . . . imposing a sentence lacking in essential fairness and resulting from bias and prejudice, (3) . . . failing to consider mitigating circumstances and the circumstances of the crime and defendant, [and] (4) . . . imposing an unreasonable sentence under the standard of reasonableness enunciated by the United States Supreme Court in *United States v. Booker v. Fanfan.*

[Appellant's Br. at 1.] Additionally, he claims his sentence is "extremely disproportionate to other sentences imposed for the same crime in the Virgin Islands in violation of Appellant's Eighth Amendment rights." [*Id.* at 2.] Finally he claims "the sentencing judge erred in denying Appellant's Motion for Reconsideration (and for Reduction of Sentence). [*Id.* at 2.]

## I. FACTS

On December 7, 2002, Salaz, a thirty-three-year-old bartender met L.T., a sixteen-year-old female, at Duffy's Love Shack ("Duffy's") on St. Thomas, along with L.T.'s friend, Nadia. At some point during the

549

evening, Salaz asked her for identification and L.T. showed him an identification that indicated she was eighteen-years-old. [J.A. 57 (Sealed Presentence Report).] Around 2:15 a.m. Salaz drove both girls back to Nadia's house. Later Salaz returned to Nadia's home and invited L.T. to the beach.

On the beach, Salaz put his hands into L.T.'s pants. L.T. moved away from Salaz, but then Salaz pushed her to the sand. Salaz then had both oral sex and sexual intercourse with her against her wishes. During the sexual intercourse, Salaz told L.T. if she wanted him to stop, she should say stop. L.T. told Salaz to stop and he did. Salaz then took L.T. to his house where L.T. alleges he raped her twice more.

On December 8, 2002, Salaz was charged in a nine count information. The information included three counts of aggravated rape in the second degree, a violation of title 14 section 1700a(a) of the Virgin Islands Code. It also included three counts of unlawful sexual contact in the first degree (14 V.I.C. § 1708(1)) and three counts of rape in the second degree (14 V.I.C. § 1702).

Initially, Salaz pled not guilty, but on June 25, 2004, he changed his plea. Pursuant to a plea agreement, Salaz pled guilty to count VII of the amended information. Count VII of the amended information states the following charge:

> On or about December 8, 2002 in St. Thomas, U.S. Virgin Islands, Michael Salaz, being a person over eighteen years of age and more than five years older than L.T., did perpetrate an act of sodomy with a person not is [sic] spouse, to wit L.T., who, was under eighteen years of age but over sixteen years of age, by putting his mouth in her vagina in violation of 14 VIC [§] 1702. (RAPE IN THE SECOND DEGREE)

[J.A. 18.] Section 1702 states:

> Any person over 18 years of age who perpetrates under circumstances not amounting to rape in the first degree, an act of sexual intercourse or sodomy with a person not the perpetrator's spouse who is at least 16 years but less than 18 years of age, and the perpetrator is 5 years or older than the victim, is guilty of rape in the second degree and shall be imprisoned not more than 10 years

14 V.I.C. § 1702(a). The remaining charges were dismissed.

In the presentence report (filed under seal with the Appellate Division), Salaz apologized for the situation stating he regretted putting himself and L.T. and her family through the last year and nine months of suffering. He also stated that he did not know L.T.'s age because she showed him a false identification card.

L.T.'s victim impact statement indicates she is afraid to sleep in her room alone at night and is depressed. She "cannot be in any room with any male alone without thinking that they might try and do [what Salaz did] . . . ." [J.A. 58.] L.T. was on anti-depressants, tranquilizers and sleeping pills, as well as an HIV preventative medication, chlamydia[1] medicine and an antibiotic. She stopped taking the medications because she was unable to stay awake in school and the medicines caused her to lose twenty pounds and get nosebleeds. Counseling is helping her cope.

At the sentencing hearing, the government explained it could show that DNA evidence would prove that sexual relations occurred between Salaz and L.T. The government also stated that Salaz had no prior record but reminded the court that the age of consent was recently raised from age sixteen to age eighteen to protect teenagers. The government made no sentencing recommendation, but also pointed out that the victim was grateful that Salaz pled.

Salaz's attorney argued that Salaz accepted full responsibility. He also stated that the facts that Salaz is a bartender and that L.T. presented a fake identification should be considered by the court as mitigating factors. The judge was presented with a photo of the fake identification and he noted it looked like something you could "create on a computer and take it to get laminated and that's it." [J.A. 68.] The judge stated that the fact that there was neither an identification number on it nor any indication as to whom issued it should have raised suspicion that it was fake.

Salaz also tried to get leniency from the court by showing that Salaz has a degree in biology and chemistry and that Salaz could be a benefit to the community by performing community service rather than serving jail time. Salaz also indicated he was remorseful and had lost a long-term girlfriend.

---

[1] L.T. also states she contracted chlamydia from Salaz. However, at the sentencing hearing, the attorney for the government stated that the medical evidence would have shown that Salaz was not in fact responsible as the source of the chlamydia. [J.A. 62.]

In making its findings, the trial judge found that the first encounter on the beach could have been a mistake, "[b]ut when it happen[s] two and three times, then it's not a mistake." [J.A. 76, 81-82.] Regarding the second instance, the judge stated "she that [sic] you struck her, hit her down, . . . knock her down on the bed . . . ." [J.A. 75.] The judge also expressed his opinion that L.T. likely went with Salaz because she thought she had a friend in him when she was distraught about her ex-boyfriend. The judge also stated that given Salaz's age and education as well as his experience as a bartender, he should have been able to tell that she was under eighteen, or he should have at least hesitated and left her alone. The judge found that there were no extenuating circumstances that would warrant any reduction in the sentence, and he sentenced Salaz to ten years in jail. Salaz appeals this sentence.[2]

## II. ANALYSIS

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review the judgments and orders of the Superior Court in all civil cases, to the extent prescribed by local law. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court); Section 23A of the Revised Organic Act of 1954.

█ Local law states that the District Court has jurisdiction to review judgments and orders of the Superior Court in all criminal cases in which the defendant has been convicted, other than on a plea of guilty. Omnibus Justice Act of 2005, Act No. 6730, § 54. However, even when a defendant has pled guilty, appellate review may not be denied if the defendant raises a colorable issue regarding the Constitution, treaties, or laws of the United States. 48 U.S.C. § 1613a(a); *Gov't of the V.I. v. Warner*, 48 F.3d 688, 691-92, 31 V.I. 373 (3d Cir. 1995).

█ Generally, the standard for reviewing a sentence is abuse of discretion. *E.g., Magras v. Gov't of the V.I.*, 2001 U.S. Dist. LEXIS

---

[2] After the appeal was filed, the government moved to "correct the record" pursuant to Federal Rule of Appellate Procedure 10(e)(2)(C) by including L.T.'s identification card. [Gov't Mot. for Correction of Record at 1.] Because it is not necessary for this Court to review the identification card, this Court does not need to rule on the motion.

22171, at *7-8 (D.V.I. 2001). However, while Salaz frames many of the issues as whether the trial judge abused his discretion, the standard of review here is not abuse of discretion. Since Salaz pled guilty, the only claims over which this Court has jurisdiction are those constitutional claims he raises. On matters of constitutional claims, this Court's review is plenary. *See, e.g., Warner v. Gov't of the V.I.,* 332 F. Supp. 2d 808, 810, 46 V.I. 251 (D.V.I. 2004); *Magras,* 2001 U.S. Dist. LEXIS 22171, at *7-8.

## B. Whether the trial judge violated due process by considering counts that had been dismissed when <u>imposing the sentence</u>.

■ Salaz argues that the trial judge violated his constitutional right of due process by considering dismissed counts when imposing Salaz's sentence. It is true that a criminal defendant must be afforded due process at sentencing. *E.g., United States v. Mannino,* 212 F.3d 835, 845 (3d Cir. 2000). However, the Third Circuit has held that when imposing a sentence, judges may consider "conduct underlying dismissed counts" as well as "conduct that is not formally charged . . . ." *United States v. Baird,* 109 F.3d 856, 863 (3d Cir. 1997) (explaining that the sentencing judge may "examine a broad range of factors that may relate to the defendant's conduct, including, but apparently not limited to, the defendant's life, characteristics, and past criminal behavior, even if such behavior did not result in criminal convictions") (citing *United States v. Watts,* 519 U.S. 148, 117 S. Ct. 633, 136 L. Ed. 2d 554 (1997)); *see also id.* at 860 ("[E]ven in the plea bargain context, conduct underlying dismissed counts may support an upward departure."). Therefore, the trial judge could not have violated Salaz's due process right by considering the dismissed counts.

Salaz also argues that these counts should not have been considered by the trial judge because the allegations "lack sufficient indicia of reliability." [Appellant's Reply Br. at 8.] In support of this, Salaz points out L.T.'s error in her victim impact statement that she contracted chlamydia from Salaz. [*Id.* at 10.] In further support Salaz states "[a]fterall, [L.T.] is a "sixteen-year-old female who carries a fake ID, frequents adult bars and nightclubs until 2:30 a.m. without adult supervision or permission, drinks alcoholic beverages while at these bars and nightclubs, and is sexually active." [*Id.* at 10.] Nothing in the record indicates that L.T. is a frequent visitor to bars or nightclubs, that she was at Duffy's without adult supervision or permission, or that she consumed

alcohol while there, or that she was sexually active aside from her encounters with Salaz.

■ Further, the Third Circuit has held that "[c]onsistent with due process, factual matters may be considered at sentencing 'if they have some minimal indicium of reliability other than mere allegation.'" *United States v. McGlory*, 968 F.2d 309, 347 (3d Cir. 1992). Here, Salaz's comments during the sentencing hearing seem to confirm most of the events that L.T. stated transpired that night. He described being on the beach with L.T., returning to the car and trying to call Nadia, then taking L.T. back to his apartment. Even if L.T. was incorrect about getting chlamydia from Salaz, the allegations she made against Salaz do have some minimal indicium of reliability as Salaz acknowledged many of the events himself. The Court finds that the trial judge did not violate Salaz's due process by considering the allegations and dismissed counts when deciding the sentence.

## C. Whether the trial judge violated due process by imposing a sentence lacking in essential fairness and resulting from bias and prejudice.

■ Salaz next argues that the trial judge violated due process by imposing a sentence that lacks essential fairness and that resulted from bias and prejudice. "An impartial judge is a basic due process requirement." *United States v. Nathan*, 188 F.3d 190, 216 (3d Cir. 1999).

Salaz argues he was punished by the trial judge "for conduct that the judge despises even though much of the alleged conduct was not part of the plea admitted by the appellant, and [was] not found as fact." [Appellant's Br. at 11.] Salaz relies heavily on *Karpouzis v. Government of the Virgin Islands*, 58 F. Supp. 2d 635, 41 V.I. 179 (D.V.I. 1999). In *Karpouzis,* this Court found that when a trial judge "over-individualized" the defendant's sentence, it was illegal. *Id.* at 639-40. The trial judge had set an excessively high bail and violated Virgin Islands law by adding an extra payment of restitution and adding four years probation to an unsuspended fifteen-year jail term. *Id.* Additionally, at the defendant's change of plea hearing, the trial judge first refused to accept two plea agreements he felt were too lenient. *Id.* Then, the trial judge promised not to make a recommendation regarding work release, but the trial judge later breached this promise. *Id.* at 640. Under these circumstances, this Court found the sentence constitutionally defective. *Id.*

■ The case at bar is distinguishable. Here, the trial judge did not express any opinion regarding the plea agreement, nor did the trial judge breach any promise made to the defendant during the plea colloquy. The trial judge did not violate Virgin Islands law in sentencing the defendant. Rather he sentenced him within the sentencing maximum. As explained above, even though conduct may be uncharged or unproven in court, a sentencing judge may still consider it in making the sentencing determination.

The trial judge did express his opinion that the defendant should have known better than to deal with a young lady bordering on age eighteen. However, there is nothing in the transcript of the sentencing hearing that demonstrates the trial judge was biased or prejudiced.

**D. Whether the trial judge violated due process by failing to consider mitigating circumstances and the <u>circumstances of the crime and defendant</u>.**

■ Salaz next argues that the trial judge violated his right to due process by failing to consider the mitigating and surrounding circumstances of the crime and the defendant. A sentencing judge should consider mitigating circumstances when imposing a sentence. *Williams v. Oklahoma*, 358 U.S. 576, 585, 79 S. Ct. 421, 3 L. Ed. 2d 516 (1959).

■ Here, at the sentencing hearing, Salaz introduced as mitigating factors the fact that he was a bartender and that L.T. showed him a fake identification card. The transcript does not indicate that the trial judge failed to consider these mitigating factors. Rather, it shows that the trial judge did not consider these circumstances to have much merit. First, the trial judge found that the identification card looked fake. Second, the trial judge found that because Salaz was a bartender and had a college education, he should have been able to determine that L.T. was underage. Also, the judge found that Salaz was a mature adult who should be held accountable as such.

■ On appeal, Salaz also argues that the trial judge failed to make any reference to Salaz "being a first time offender or that this was a nonviolent offense." [Appellant's Br. at 12.] It is unclear why Salaz contends the rape was a nonviolent offense. The Virgin Islands Code does not categorize the crime as either violent or non-violent, nor does local caselaw assist in the categorization. However, other courts have examined statutes similar to

Section 1702 and determined that second-degree statutory rape and second-degree statutory sodomy are violent crimes. *See, e.g., United States v. Mincks*, 409 F.3d 898, 900 (8th Cir. 2005) (explaining that "physical injury is a serious potential risk arising from either" second-degree statutory rape or second-degree statutory sodomy).

This Court has previously noted that a trial judge did not fail to individualize a defendant's sentence when the trial judge imposed a sentence far less than the maximum after making various references to the defendant's education and military experience and his status as a first time offender. *Chick v. Gov't of the V.I.*, 941 F. Supp. 49, 51 (D.V.I. 1996). In contrast, in *Georges v. Government of the Virgin Islands*, a first time offender received the maximum and could point to nothing in the record to suggest trial judge did not consider all relevant circumstances. 119 F. Supp. 2d 514, 523 (D.V.I. 2000). The government, on the other hand, argued that the trial judge had been guided by the pre-sentence report. *Id.* This Court found that Georges' sentence was not extreme or grossly disproportionate to the crime, and that there was no abuse of discretion by the trial judge. *Id.*

The sentencing hearing transcript does not include any reference by the trial judge, or the defense, that this was Salaz's first offense. However, the trial judge did say "I've been through the file, I've looked at the reports, I've looked at the letters on behalf of the defendant . . . ." [J.A. at 81.] It seems that, like the trial judge in *Georges*, the trial judge here was aware of the surrounding circumstances of the crime and the defendant. It appears the trial judge considered the surrounding circumstances but gave them less weight than Salaz hoped. Thus, the Court finds there was no due process violation regarding the trial judge's consideration of the mitigating circumstances.

While not properly raised on appeal, Salaz brief mentions that at the sentencing hearing, when the trial judge characterized the second rape he stated to Salaz, "[Y]ou struck her, hit her down, put her—knock[ed] her down . . . ." [J.A. 75.] "One of the important functions of the prosecutor upon a sentence is to make sure that all information in his possession material to punishment and favorable to the accused is presented to the court and that the sentence is not based on mistakes of fact or faulty information." *United States v. Malcolm*, 432 F.2d 809, 818-19 (2d Cir. 1970) (citing *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)). It is a violation of a defendant's due

process rights for a sentencing judge to rely on unreliable or erroneous information. *Williams v. Oklahoma*, 358 U.S. 576, 584, 79 S. Ct. 421, 3 L. Ed. 2d 516 (1959); *United States v. Hopper*, 27 F.3d 378, 382 (9th Cir. 1994).

■ There is no evidence in the record that Salaz struck or hit L.T. However, it is clear that the trial judge did not rely on this impression of the second rape in determining Salaz's sentence. At sentencing, the trial judge considered circumstances such as Salaz's age, education, and experience as a bartender, as well as the fact that three sexual incidents occurred that night. The trial judge thus had many other factors in mind when sentencing Salaz and there was no due process violation.

**E. Whether the trial judge violated due process by imposing an unreasonable sentence under the standard of reasonableness enunciated by the United States Supreme Court in *United States v. Booker*.**

Salaz further argues that the trial judge violated his due process right by imposing an unreasonable sentence as required by *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In *Booker*, the Supreme Court examined the constitutionality of the Federal Sentencing Guidelines. This case does not involve the Federal Sentencing Guidelines, thus *Booker* is inapplicable.

**F. Whether the defendant's sentence is extremely disproportionate to other sentences imposed for the same crime in the Virgin Islands in violation of Appellant's Eighth Amendment rights.**

■ "The Eighth Amendment prohibits extreme or unconventional sentences that are grossly disproportionate to the crime."[3] *Hunt v. Gov't of the V.I.*, 46 V.I. 534, 541 (D.V.I. 2005). The Eighth Amendment is made applicable to the Virgin Islands by Section 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561. A sentence is reversed for an Eighth Amendment violation only in the rare case "where the challenged sentence is so unconventional or extreme in comparison to the severity of

---

[3] The Eighth Amendment specifically states that "[e]xcessive bail should not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

the crime as to create an initial presumption of excessiveness." *Hunt*, 46 V.I. at 541.

■ "Generally, this Court will not review a sentence that falls within the bounds prescribed by the applicable statute." *Warner v. Gov't of the V.I.*, 332 F. Supp. 2d 808, 810, 46 V.I. 251 (D.V.I. 2004). Because of deference to the legislature's lawmaking function, courts will not disturb "a sentence within the terms prescribed by the legislature . . . absent a showing of improper procedure, illegality, or abuse of discretion." *Hunt*, 46 V.I. at 542 (citing *Gov't of the V.I. v. Richardson*, 498 F.2d 892, 894, 11 V.I. 213 (3d Cir. 1974)); *see also Hutto v. Davis*, 454 U.S. 370, 372-74, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (noting that sentencing determinations are generally "purely a matter of legislative prerogative . . . [and] federal courts should be reluctant to review legislatively mandated terms of imprisonment"); *cf. Georges*, 119 F. Supp. 2d at 523 (holding it was not extremely disproportionate for a first time offender to receive the maximum sentence).

■ While Salaz argues that his sentence is extreme and unconventional for this type of crime, it is within the prescribed maximum term set by the Virgin Islands legislature. Salez has not demonstrated any of the necessary showings for this Court to disturb the sentence. He has not shown any improper procedure or illegality. He alleges the trial judge abused his discretion by failing to consider all of the circumstances of the crime and the defendant, as well as the reliability of the victim's statements. However, as explained above, the trial judge did consider all of the factors. He simply came to a different conclusion about them than the defendant would have liked. This Court finds that the sentence did not violate Salaz's Eighth Amendment right.

## G. Whether the Trial Judge Erred in Denying Defendant's Motion for Reconsideration.

■ Finally, Salaz appeals the denial of his motion for reconsideration of his sentence. Virgin Islands Rule of Appellate Procedure 5(b) requires a notice of appeal to be filed "within ten days after the entry of . . . the judgment or order appealed from . . . ." V.I. R. App. P. 5(b)(1). The timely filing of a notice of appeal is jurisdictional. *Boggs v. Dravo Corp.*, 532 F.2d 897, 899 (3d Cir. 1976).

■ This issue was not listed on Salaz's notice of appeal which stated that defendant appeals from "the final judgment and sentence entered on

August 18, 2004." [J.A. 1.] Salaz did not file a new notice of appeal on this issue or amend the old one to include the order of December 10, 2004. Thus, this Court lacks jurisdiction to consider the December 10, 2004, denial of Salaz's motion for reconsideration.

## III. CONCLUSION

Salaz successfully plea bargained nine counts down to one count. He then received the maximum sentence allowable under the statute to which he pled guilty. While Salaz may feel his ten years in prison for a first time offender is harsh, it does not violate his constitutional rights. Accordingly, the Court will affirm the trial court's sentence.