

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2002

# Govt of VI v. Marsham

Precedential or Non-Precedential: Precedential

Docket No. 01-2662

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Govt of VI v. Marsham" (2002). *2002 Decisions.* Paper 324.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/324

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 5, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 01-2662

GOVERNMENT OF THE VIRGIN ISLANDS,

Appellant

v.

WARRINGTON MARSHAM

On Appeal from the District Court of the Virgin Islands,
Appellate Division
(D.C. Cr. No. 1999/173)
District Judges: Chief Judge Honorable Raymond L.
Finch, Honorable Thomas K. Moore, and Honorable Maria
M. Cabret, Presiding Judge of the Territorial Court of the
Virgin Islands, St. Croix.

Argued Tuesday, May 14, 2002

Before: AMBRO, FUENTES and GARTH, Circuit Judg es

(Opinion Filed: June 5, 2002)

Richard S. Davis
Maureen P. Cormier (argued)
Assistant Attorneys General
Department of Justice
48B-50C Kronpsindsens Gade
GERS Bldg., 2d Floor
St. Thomas, U.S. Virgin Islands
 00802

Attorneys for Appellant

Vincent A. Fuller, Jr. (argued)
Medical Arts Complex, Suite 17
P.O. Box 303300
St. Thomas, U.S. Virgin Islands
 00803

Attorney for Appellee

OPINION OF THE COURT

GARTH, Circuit Judge:

On this appeal, after we conducted a thorough
examination of the relevant Virgin Islands statutes, we have
concluded -- contrary to the District Court of the Virgin

Islands, Appellate Division (the "Appellate Division") -- that in sentencing a criminal defendant, there is no statutory or decisional bar preventing restitution from being ordered when the defendant must also serve time in prison and is not on probation. Indeed, under 34 V.I.C. S 203(d)(3), it is the obligation of the sentencing court to order restitution providing, of course, that after an inquiry pursuant to the guidelines suggested in this opinion, restitution and the amount thereof is deemed appropriate.

I.

Defendant Warrington Marsham ("Marsham") pled guilty to three counts of grand larceny before the Territorial Court of the Virgin Islands (the "Territorial Court"), and was sentenced to 27 years and $13,583.33 in restitution. Marsham appealed his sentence to the Appellate Division.

2

The three judge panel of the Appellate Division affirmed Marsham's sentence but vacated the order of restitution in a judgment dated June 13, 2001. The Government of the Virgin Islands (the "Government") appealed the Appellate Division's vacatur of restitution to this Court, filing a timely notice of appeal on June 21, 2000.1

The issue presented in this appeal is whether the Territorial Court may order a convicted defendant to pay restitution without first sentencing him to probation. As noted above, for the reasons that follow, we will hold that it may. We will therefore reverse the Appellate Division's judgment vacating the order of restitution. In so holding, we commend to the sentencing court that before ordering restitution, it should engage, as a desirable (if not an essential) practice, in the inquiry we have recognized in Government of the Virgin Islands v. Davis, 43 F.3d 41, 47-48 (3d Cir. 1994), albeit we did so there in a federal context.

II.

Between July 12, 1996 and September 8, 1996, Marsham went on a burglary spree in the Virgin Islands. The particulars of his crimes are not relevant to this appeal, so they will not be repeated in detail here. Suffice it to say that Marsham and various accomplices stole cash and goods from six businesses totaling almost $50,000 and attempted to rob a seventh business. Marsham was charged with seven counts of third degree burglary, six counts of grand larceny, one count of petty larceny and one count of attempted burglary.

Three accomplices -- Henry Williams, Samuel Leader and Thomas Somersall -- pled guilty, while Marsham opted for trial before the Territorial Court. Two days into trial -- after hearing testimony of Leader and Williams -- Marsham made two attempts to plead guilty to lesser charges, which the Territorial Court Judge, Ive A. Swan, rejected. Judge

Swan finally accepted Marsham's last attempt, and

_____

1. Marsham has also appealed under Court of Appeals docket number 01-3129.

                              3


Marsham pled guilty to three counts of grand larceny. In so doing, he faced a maximum of thirty years imprisonment.

On April 21, 1999, the Territorial Court sentenced Marsham to two consecutive 10 year sentences and one consecutive 7 year sentence for a total of 27 years. The Court also ordered that Marsham pay $13,583.33 in restitution.

Marsham appealed his sentence to the Appellate Division on April 26, 1999. In an opinion dated June 13, 2001, the Appellate Division affirmed the 27 year sentence, but vacated the order of restitution. The Appellate Division remanded the case to the Territorial Court, ordering only that the restitution order be vacated.

Both the Government and Marsham filed notices of appeal to this Court on June 21, 2001. The matter before us deals only with the Government's appeal of the Appellate Division's vacatur of the restitution order and does not address any of the issues raised in Marsham's appeal, which will be addressed by a subsequent panel of this Court.

III.

Before addressing the merits of the Government's appeal, we consider whether we have jurisdiction to hear this case. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 229 (3d Cir. 1998) ("we have an independent obligation to examine our jurisdiction to hear this appeal."). The Appellate Division had jurisdiction as an appellate court under local law, 4 V.I.C. S 33, and the Revised Organic Act, 48 U.S.C. S 1613a(a). We have jurisdiction under 28 U.S.C. SS 1291 and 1294(3), which grant us appellate review over final decisions from the District Court of the Virgin Islands. Our jurisdiction rests as well on the Revised Organic Act, 48 U.S.C. S 1613a(c), which grants us appellate authority over the Appellate Division's final decisions on matters of local law. The issue here is whether the Appellate Division's decision is a final order.

In Isidor Paiewonsky Associates, Inc. v. Sharp Properties, Inc., 998 F.2d 145 (3d Cir. 1993), this Court noted that

                              4


        [a] final decision is one which disposes of the whole
        subject, gives all the relief that was contemplated,
        provides with reasonable completeness, for giving effect

> to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree.

Id. at 150 (internal quotations omitted) (emphasis in original). This Court also acknowledged that the concept of "finality" under S 1291 be given a " 'practical rather than a technical construction . . .' " Id. (quoting Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (internal quotations omitted)). In Marsham's case, despite the fact that the Appellate Division technically"remanded" the case for resentencing, there would be nothing left for the Territorial Court to do but to execute the Appellate Division's order. Since Marsham's 27 year sentence was affirmed in all other respects, the only action to be taken by the Territorial Court would have been simply to vacate its restitution order. In this way, the Appellate Division's order conclusively and finally determined the issue of Marsham's sentence and restitution, and sent the matter back simply for a ministerial entry. Accordingly, we consider the Appellate Division's order as final for purposes of our appellate jurisdiction.2

IV.

In vacating the Territorial Court's order of restitution, the Appellate Division relied in part upon its prior decision in Karpouzis v. Government of the Virgin Islands , 58 F.Supp.2d 635 (D.V.I. 1999). There, the Appellate Division interpreted two local statutes -- 5 V.I.C. SS 3711(a) and 3721 -- as requiring that "[s]entencing judges cannot order

---

2. Any other conclusion would lead to absurd results. If this Court were to rule otherwise, the case would return to the Territorial Court to vacate the restitution order. Once vacated, both the Government and Marsham would then be required to appeal, again, to the same Appellate Division on the same issues that were raised previously before it. The Appellate Division would presumably rule the same way, and only then would the parties be permitted to appeal to this Court. Such a process would be nothing but an exercise in formalism and futility.

5

defendants convicted of Virgin Island crimes to pay restitution for those crimes from prison." Id. at 639. Consequently, the Appellate Division

> reiterate[d] and reaffirm[ed] that, under Virgin Islands law as presently codified, restitution may not be ordered unless the court sentences a defendant to straight probation or to no more than six months imprisonment followed by a period of probation.

Marsham v. Government of the Virgin Islands, Cr. No. 1999-173, slip op. at 22 (D.V.I. Jun. 13, 2001). We review the Appellate Division's statutory interpretation de novo. Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002).

As an initial matter, neither S 3711(a) norS 3721 contains any language prohibiting an order of restitution for any reason -- let alone for incarceration. They merely authorize restitution if probation is ordered. Section 3711(a) states, in relevant part:

> While on probation and among the conditions thereof, the defendant . . . may be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had . . . .

5 V.I.C. S 3711(a). In addition, S 3721 states, in relevant part:

> If a person is convicted of a crime and is otherwise eligible, the court, by order, may withhold sentence or impose sentence and stay its execution, and in either case place the person on probation for a stated period, stating in order the reasons therefor, and may impose any conditions of the probation which appear to be reasonable and appropriate to the court. If the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, unless the court finds there is substantial reason not to order restitution as a condition of probation.

5 V.I.C. S 3721. These statutes merely permit-- and indeed, S 3721 requires -- restitution if and when probation

is granted, but they do not restrict the sentencing judge in any way from ordering restitution.3

Moreover, the Virgin Island's Victims' Bill of Rights clearly mandates that a judge order restitution where the defendant's crime involves property. 34 V.I.C. S 203(d)(3) states:

> A victim has the right to receive restitution for expenses or property loss incurred as a result of a crime. The judge shall order restitution at every sentencing for a crime against person or property , or as a condition of probation or parole, unless the court finds a substantial and compelling reason not to order restitution. . . .

34 V.I.C. S 203(d)(3) (emphasis added). UnlikeSS 3711(a), 3721 and 4606, which authorize restitution in only specific instances (i.e., probation or parole), S 203(d)(3) requires that a judge issue a restitution order either at the sentencing itself or as a condition of probation or parole where the crime is one against person or property.

Marsham argues that the Victim's Bill of Rights applies only to people and not corporations because the word

"victim" is defined as a "person." See 34 V.I.C. S 202(1).
Therefore, according to Marsham, the requirement to issue
restitution under S 203(d)(3) is not applicable to him since
he burglarized only businesses. We reject this argument.

Marsham provides no clear authority supporting his
restrictive interpretation of the word "victim." On the

_____

3. Similarly, the Virgin Islands parole statute does not prohibit a judge
from issuing restitution at sentencing. 5 V.I.C.S 4606 states:

> Whenever the Territorial Parole Board shall order the parole of an
> inmate, the Board, unless it finds compelling circumstances which
> would render a plan of restitution unworkable, shall order as a
> condition of parole that the parolee make restitution to the victim
> for damage or loss caused by the parolee's crime, in an amount and
> manner specified in the Journal entry of the court that sentenced
> the inmate.

5 V.I.C. S 4606. Nothing in the language ofS 4606 prevents a court from
ordering restitution at sentencing.

contrary, the general provisions of the Virgin Islands Code
defines "person" to include businesses and corporations.
See 1 V.I.C. S 41 (defining "person" to include "corporations,
companies, associations, joint stock companies, firms,
partnerships and societies, as well as individuals."). Indeed,
the Government correctly points out that businesses and
corporations have been considered "persons" for certain
constitutional purposes, and can also be victims of crimes.[4]

Marsham also argues that our decision in Government of
the Virgin Islands v. Davis, 43 F.3d 41 (3d Cir. 1994),
confirms the Appellate Division's ruling that probation must
be ordered prior to issuing restitution. In particular,
Marsham refers to the following passage:

> Davis correctly claims that probation is a prerequisite
> of an order of restitution and that if a defendant does
> not receive probation, restitution cannot be imposed.

Id. at 48. That statement, however, is dictum and is not
binding on this, or any other, panel of this Court. In fact,
the Davis Court affirmed the lower court's order of
restitution because the defendant was sentenced to both
incarceration and probation. As such, it was unnecessary
for our holding in Davis to address whether probation was
required prior to ordering restitution. See Calhoun v.
Yamaha Motor Corp., 216 F.3d 338, 344 n. 9 (3d Cir. 2000)
("Insofar as this determination was not necessary to either
court's ultimate holding, however, it properly is classified as
dictum."). Accordingly, Davis is not a bar to reversing the
Appellate Division, and does not provide an argument
supporting the Appellate Division's analysis that restitution
is not permitted in conjunction with incarceration.

Finally, Marsham argues that the Appellate Division's requirement of probation before restitution makes sense because it recognizes the fact that inmates cannot make payments while they are in jail. However, this argument

_____

4. Although Marsham does not address the language of S 203(d)(3) providing for the ordering of restitution at every sentencing for a crime "against person or property," we are also of the view that the inclusion of the term "property" in the statute pertains to the crimes for which Marsham pled guilty.

ignores the fact that not all inmates are indigent, and that quite a few may be able to afford payments despite being incarcerated. Indeed, it is contrary to common sense to tie the hands of the sentencing court and prohibit it from ordering wealthy criminals to make restitution to their victims in every case where such defendants are sent to jail.

For the foregoing reasons, we reject the Appellate Division's order refusing to permit restitution as a part of Marsham's sentence. In normal course, we would reverse the Appellate Division and direct that court to reinstate Marsham's original sentence of $13,583.33 restitution. We would do so because there would ordinarily be no need for any other action. However, in a similar context, we have strongly recommended as a better, if not essential, practice that in ordering restitution the sentencing court should conduct the type of inquiry mandated by 18 U.S.C.S 3663. See Davis, 43 F.3d at 47-48.

Davis, where such an inquiry was made, sets forth the principle that, among other things, restitution must be ordered in an amount a defendant can realistically pay. We suggest undertaking that inquiry in this and future cases with full recognition of the fact that Marsham was convicted for violation of Virgin Island's law and not federal law, and with the acknowledgment that although we deem this a most desirable practice, a failure to initiate such an inquiry does not at this stage constitute reversible error unless and until our Court so holds.5

_____

5. Section 3663, to which we have referred in text, not only provides for orders of restitution when a defendant is convicted of the listed offenses but also provides for the type of inquiry to be conducted when and if restitution is ordered. We have drawn from S 3663 in framing the inquiry set forth in that statute and discussed in Davis . In drawing an analogy to S 3663 and relating the type of inquiry therein to offenses committed in the Virgin Islands, we recognize that after Davis had been filed, a new provision was enacted by Congress which requires that restitution be ordered regardless of a defendant's ability to pay where particular federal crimes have been committed (including crimes against property). See 18 U.S.C. SS 3663A(c)(1)(A)(ii) and 3664(f)(1)(A). No similar legislation, however, has been enacted for Virgin Islands crimes. Accordingly, in the absence of such legislation, we prescribe a practice to be utilized where

Virgin Islands crimes are committed which would not only permit restitution, but which would take into account the defendant's resources in being able to pay the restitution.

9

V.

Accordingly, we will reverse the Appellate Division and direct it to vacate its order which prohibited the Territorial Court from imposing as part of its sentence a restitution order requiring Marsham to pay $13,583.33. We will also direct the Appellate Division to remand Marsham's case to the Territorial Court so that the Territorial Court may undertake the practice we have recommended of making an inquiry analogous to the one specified in 18 U.S.C.S 3663 and required in Davis to determine the feasibility of its restitution order. If that inquiry satisfies the Territorial Court that its restitution order should remain as initially imposed, it will be free to reinstate that sentence, including restitution in the amount ordered of $13,583.33, or, depending upon the results of its inquiry, it may fashion a different appropriate restitution order or none at all.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

10