**Toni DAVIS a/k/a Liza Daviz, Appellant,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**No. CRIM.APP.1997–006.**

District Court, Virgin Islands, Appellate Division, D. St. Thomas.

Sept. 16, 2002.

Michael A. Joseph, St. Croix, VI, for appellant.

Maureen Phelan Cormier, Asst. Attorney General, VI Department of Justice, St. Thomas, VI, for appellee.

BEFORE: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, District Judge, District Court of the Virgin Islands; and DARRYL DEAN DONOHUE, Judge of the Territorial Court, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

Appellant Toni Davis a/k/a Lisa Daviz ["Davis" or "appellant"] challenges the terms of her sentence imposed by the Territorial Court. For the reasons set forth below, we will vacate her sentence and remand for resentencing in accordance with this opinion.

## I. PROCEDURAL BACKGROUND

Following a trial by jury, Davis was convicted of the following violations of the Virgin Islands Code: conspiring to commit grand larceny, in violation of 14 V.I.C. §§ 551(1), 1081, 1083(1); grand larceny, in violation of 14 V.I.C. §§ 1081, 1083(1); and receiving stolen property, in violation of 14 V.I.C. § 2101(a). These charges stemmed from Davis's involvement in the theft of approximately twenty loose diamonds from Cardow Jewelers and a diamond ring from the Royal Caribbean jewelry store.[1] The trial judge sentenced Davis to twenty years incarceration on each count, with the sentences to run concurrently. (See App. at 204) (Judgment, Crim. No. F184/1996 (Terr.Ct. St. Thomas/St. John Div. Jan. 15, 1997).) Before sentencing, the government had moved for enhancement of Davis's sentence, arguing she qualified as a habitual offender because of an earlier conviction in Pennsylvania for illegal use of a credit card. See 14 V.I.C. § 61(a) (setting mandatory minimum terms of incarceration where defendant has previously been convicted of an offense that would be a felony in the Virgin Islands). The trial judge granted the government's motion and sentenced Davis as a habitual offender on the grand larceny count, requiring that she "serve the minimum mandatory sentence of ten years without the possibility of probation, parole or any form of release." (App. at 204.)

As part of her sentence, the court also ordered Davis to pay restitution to the victim "by furnishing no less than twenty loose diamonds stolen from Cardow Diamond Center or the cash equivalent."[2] (Id.) Finally, the trial judge ordered Davis to pay a fine of $1,000 on the count of

---

**1.** A complete retelling of the events and Davis's actions giving rise to the charges against Davis can be found in the government's brief. (See Appellee's Br. at 4–10.) The Court has already heard and rendered a decision in the appeal filed by Davis's co-defendant, Kenneth Edwards. See Edwards v. Government of the Virgin Islands, Mem.Op., Crim.App. No.1997–014 (D.V.I.App.Div. Sept. 25, 2000) (affirming Edwards' conviction but finding that the Territorial Court erred by imposing restitution without first imposing a term of probation).

**2.** The diamond ring had been recovered at the time of Davis's and her co-defendants' arrests.

conspiring to commit grand larceny, and $5,000 on the count of possession of stolen property.[3] (*Id.* at 204–05.) Davis timely appealed her sentence.

## II. DISCUSSION

The Court has jurisdiction to review the judgments of the Territorial Court in all criminal cases in which the defendant has been convicted, other than on a plea of guilty. 4 V.I.C. § 33. Davis raises three challenges to the sentence imposed by the Territorial Court: (1) the court improperly sentenced her as a habitual offender because the previous offense was not a felony under Virgin Islands law; (2) the trial judge abused her discretion by rejecting a plea agreement between the government and Davis; and (3) the trial judge incorrectly imposed a term of restitution as part of her sentence without first sentencing her to probation.

### A. Classification of Davis as a Habitual Offender

To be sentenced as a habitual offender under Virgin Islands law, Davis must have committed an offense that would be a felony under Virgin Islands law within the ten years before her 1996 conviction in the Virgin Islands. A felony is defined by Virgin Islands' law as a "crime or offense which is punishable by imprisonment for more than one year." 14 V.I.C. § 2.

At sentencing, Davis admitted that she had been convicted in 1995 of illegal use of

a credit card in Pennsylvania. This charge is recognized in the Virgin Islands as both possession of stolen property, in violation of 14 V.I.C. § 2101, and fraudulent use of a credit card, in violation of 14 V.I.C. § 3004. *See Government of the Virgin Islands v. Walker,* 261 F.3d 370, 374 (3d Cir.2001). For her Pennsylvania conviction to constitute a felony under Virgin Islands law, the government had to prove that either Davis stole property or services valued at $100 or more, which would have subjected her to no more than ten years' imprisonment under 14 V.I.C. § 2101(a), or that Davis, through the fraudulent use of a credit card, obtained "monies, goods, services and other things" valued in excess of $100 in any six month period, which would have subjected her to no more than three years imprisonment under 14 V.I.C. §§ 3004, 3010(b).

■ The government concedes that it did not meet its burden to establish that Davis was a habitual offender under Virgin Islands law because it did not prove that Davis's 1995 conviction involved theft of $100 or more, or theft of goods or services valued in excess of $100 over any six month period. (Appellee's Br. at 19.) Upon the government's confession of error, we will vacate Davis's sentence and remand for resentencing accordingly to remove the habitual offender enhancement and inclusion of a mandatory minimum sentence.[4]

---

3. The court also imposed court costs of $25. (App. at 205.)

4. Davis also attempts to avoid the mandatory minimum requirement of the habitual offender statute by arguing that her conviction for grand larceny does not qualify as a crime of violence under Virgin Islands law because she did not use a weapon or other means of force to commit the crime. *See* 14 V.I.C. § 61(a) ("If the last conviction is for a crime of violence ... imposition or execution of this

minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration."). Her attempt fails, however, because Virgin Islands law defines larceny as a crime of violence, whether or not the defendant uses force, intimidation, or other means of violence to commit the crime. 23 V.I.C. § 451(e) (" 'Crime of violence' means the crime of ... larceny.").

## B. Trial Court's Rejection of Davis's Plea Agreement with the Government

Davis maintains that she attempted to enter a plea agreement with the government before trial whereby Davis would enter a plea of guilty to one count of the information and the government, in return, agreed to dismiss the remaining two counts. Davis contends that the trial judge improperly rejected this plea agreement.

■ For reasons not explained by the parties, the plea hearing was not transcribed and no record is available to this Court for review. Without a record of the proceedings, this plea discussion and the trial judge's actions escape effective judicial review. Even if we assume for the sake of argument that Davis objected to the trial judge's decision to reject the plea agreement, in the absence of a record to the contrary, we also must assume that the trial judge acted within her discretion when she refused to accept the plea. *See* TERR.CT.R. 126 ("Where a plea of guilty is entered, the court ... may, in its discretion, refuse to accept the plea.").

Relying on our opinion in *In re Richards*, Davis, however, also argues that the trial judge violated the separation of powers doctrine. *See In re Richards*, 52 F.Supp.2d 522, 530 (D.V.I.1999) (The executive branch has unfettered discretion to determine when to prosecute a charge.), *rev'd on other grounds*, 213 F.3d 773 (3d Cir.2000). She maintains that the court's refusal to grant the government's motion to dismiss two of the three charges pending against her, the government's obligation under the plea agreement between the parties, violated the government's unfettered discretion to determine when to prosecute a case.

Again, the record presented to this Court does not support Davis's argument. Although the government concedes it did move to dismiss charges that Davis made false statements to the trial court concerning her real identity, a motion which the trial court granted, the government maintains that it did not move to dismiss any of the remaining substantive charges. (Appellee's Br. at 17 n. 6.) The record before us supports the government's recollection of the proceedings. If the government did move to dismiss some of the charges, we assume that it would only have been as part of the consideration for the plea bargain agreement, namely, the government would have dismissed the charges only if Davis had successfully entered a plea of guilty to one count. This did not occur because the trial judge refused to accept the plea and, as we have already discussed *supra*, because the record offers nothing to show that the trial judge abused her discretion, her decision to reject the plea agreement cannot be disturbed on appeal.

## C. Legality of the Sentence Imposed

Davis's third issue on appeal is whether the Territorial Court may order a convicted defendant to pay restitution without first sentencing her to probation. We have previously held that trial judges cannot order defendants convicted of Virgin Islands crimes to pay restitution for those crimes from prison. *See, e.g., Marsham v. Government of the Virgin Islands*, 151 F.Supp.2d 643, 650 (D.V.I.2001); *Karpouzis v. Government of the Virgin Islands*, 58 F.Supp.2d 635, 638 (D.V.I.1999). Recently, however, the Court of Appeals for the Third Circuit reversed this Court's Opinion in *Marsham*. *See Government of the Virgin Islands v. Marsham*, 293 F.3d 114 (3d Cir.2002). In light of this decision, and our reading of a statutory provision that the government for the first time brought to our attention, we find that the trial judge's inclusion of an order of restitution in Davis's sentence was lawful.

In *Karpouzis,* we interpreted two local statutes—5 V.I.C. §§ 3711(a) and 3721—as prohibiting sentencing judges from ordering defendants to pay restitution for their crimes from prison, and permitting restitution only in those instances where probation was ordered. *See* 58 F.Supp.2d at 639. Based on this interpretation, we reached the same conclusion in *Marsham. See* 151 F.Supp.2d at 650. Section 3711(a) states, in relevant part that

> while on probation and among the conditions thereof, the defendant ... [m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had....

5 V.I.C. § 3711(a). Section 3721 provides, in relevant part:

> If a person is convicted of a crime and is otherwise eligible, the court, by order, may withhold sentence or impose sentence and stay its execution, and in either case place the person on probation for a stated period, stating in the order the reasons therefor, and may impose any conditions of the probation which appear to be reasonable and appropriate to the court. *If the court places the person on probation, the court shall require restitution* designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, unless the court finds there is substantial reason not to order restitution as a condition of probation.

5 V.I.C. § 3721 (emphasis added.)

■ We previously have interpreted these two provisions as prohibiting a sentencing judge from ordering restitution unless the defendant was placed immediately on probation, or was sentenced to a term of six months or less imprisonment, with probation to follow. *See Marsham* 151 F.Supp.2d at 650. As the Court of Appeals has pointed out, however, neither of these provisions *prohibits* an order of

restitution "for any reason—let alone for incarceration. They merely *authorize* restitution if probation is ordered." *See Marsham,* 293 F.3d at 117 (emphasis added). Moreover, for the first time in an appeal concerning the issue of restitution, the government directs the Court to the Victims' and Witnesses' Bill of Rights, which provides in relevant part:

> A victim has the right to receive restitution for expenses or property loss incurred as a result of the crime. *The judge shall order restitution at every sentencing for a crime against person or property, or as a condition of probation or parole, unless the court finds a substantial and compelling reason not to order restitution.* The court shall diligently, fairly, and in a timely manner enforce all orders of restitution.

34 V.I.C. § 203(d)(3) (emphasis added.) Under this provision, therefore, a trial judge is *required* to issue a restitution order either at the sentencing or as a condition of probation or parole, unless she determines that a "substantial and compelling reason" exists not to order restitution. Accordingly, we find that the trial judge's order requiring Davis to pay restitution is in accordance with Virgin Islands law.

■ We remand this matter, however, so that the trial judge may make the appropriate findings concerning the amount of restitution. In determining the appropriate amount of restitution to be imposed, a trial judge must determine an amount that "a defendant can realistically pay." *See Marsham,* 293 F.3d at 119; *see also Government of the Virgin Islands v. Davis,* 43 F.3d 41, 47–48 (3d Cir.1994). Such a determination shall require an inquiry similar to that required of federal courts under 18 U.S.C. § 3633. *See Marsham,* 293 F.3d at 119 (noting that, "in a similar context, we have strongly recommended as a better, if not essential, prac-

tice that in ordering restitution the sentencing court should conduct the type of inquiry mandated by 18 U.S.C. § 3663"). In addition, we also note, and the government concedes, that the trial judge's determination of the amount of restitution was unduly vague. The trial judge ordered Davis to pay restitution by providing either twenty loose diamonds or the monetary equivalent. On resentencing, the government must present evidence establishing the actual cash value of the "twenty loose diamonds," without attempting on remand to increase the amount of restitution by raising the number of diamonds lost, or otherwise.[5]

## III. CONCLUSION

The government failed to establish that Davis qualified as an habitual offender and the trial judge subsequently erred by sentencing Davis as such. Furthermore, we find that Davis can be ordered to pay restitution as part of her term of incarceration. The trial judge's determination of the amount of restitution, however, was in error because it failed to provide a monetary value for the victim's property loss. Accordingly, we will vacate in its entirety the judgment of conviction order entered by the Territorial Court in this matter on January 15, 1997, and remand for resentencing in accordance with this memorandum opinion. An appropriate order is attached.

### ORDER

For the reasons set forth in the accompanying memorandum of even date, it is hereby

**ORDERED** that the sentence entered by the Territorial Court on January 15, 1997, is **VACATED.** It is further

**ORDERED** that this matter is **REMANDED** to the Territorial Court for resentencing in accordance with the accompanying memorandum opinion.

---

5. The government in its brief claims that the trial judge erred by ordering restitution to replace only twenty loose diamonds rather than the twenty-one loose diamonds it asserts that Davis and her co-defendants stole. (Appellee's Br. at 21.) Upon remand after a defendant's successful appeal, her sentence

can be increased only if justified by events occurring after the first sentencing or by information becoming available about earlier events that was not available to the judge who imposed the original sentence. *See Rivera v. Government of the Virgin Islands,* 183 F.Supp.2d 770 (D.V.I.2002).