

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2003

# Govt of VI v. Marsham

Precedential or Non-Precedential: Non-Precedential

Docket 01-3129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Govt of VI v. Marsham" (2003). *2003 Decisions.* Paper 670.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/670

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-3129

———————

GOVERNMENT OF THE VIRGIN ISLANDS

v.

WARRINGTON MARSHAM,

Appellant

———————

ON APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS (APPELLATE
DIVISION)

Dist. Court No.  99-cr-00173)
District Court Judges: Raymond L. Finch, Thomas K. Moore and Maria M. Cabret

———————

Submitted November 14, 2002

Before: SCIRICA, ALITO and RENDELL, Circuit Judges.

(Opinion Filed:   March 13, 2003)

———————

OPINION OF THE COURT

———————

PER CURIAM:

Appellant Warrington Marsham was indicted on fourteen counts of grand larceny, burglary and attempted larceny. He rejected a plea agreement that offered him a five-year prison term in exchange for guilty pleas to two counts of grand larceny. Two days into his trial in the Territorial Court, having heard the testimony of two of his former accomplices, he offered to accept the pretrial agreement. The trial judge declined but later accepted a plea agreement under which Marsham pled guilty to three counts of grand larceny with a maximum possible sentence of 30 years. The judge then sentenced Marsham to 27 years' imprisonment.[1] Marsham appeals the decision of the Appellate Division of the District Court affirming this prison sentence.[2] He argues that, by refusing to accept the pretrial plea agreement at trial, and by imposing a significantly longer prison term than that offered in the pretrial agreement, the trial judge punished him for choosing to go to trial, in violation of his Fifth Amendment right to due process. He also contends that his 27 year sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. For the reasons given below, we vacate Marsham's sentence with instructions that the case be remanded to the Territorial Court for a new sentencing hearing before a different judge.

---

[1] Marsham's chief accomplice was sentenced to three years in jail, with another two years of supervised release, and two other accomplices each received two-year prison sentences. All three received credit for time served.

[2] Marsham was also sentenced to pay restitution. The Appellate Division reversed the restitution order. In a separate appeal from the Government, we reversed the decision of the Appellate Division vacating the restitution order. Government of the Virgin Islands v. Marsham, 293 F.3d 114, 120 (2002).

In reviewing the decision of the Territorial Court, we apply the same standard of review as that used by the Appellate Division. Government of the Virgin Islands v. Albert, 241 F.3d 344, 347 n.7 (3d Cir. 2000); Semper v. Santos, 845 F.2d 1233, 1235-36.(3d Cir. 1988). Accordingly, we exercise plenary review over Marsham's claims that the Territorial Court violated his rights to due process and against cruel and unusual punishment. Epstein Family Partnership v. Kmart Corp., 13 F.3d 762, 766 (3d Cir. 1994); United States v. Barnhart, 980 F.2d 219, 222 (3d Cir. 1992).

Rule 11 of the Federal Rules of Criminal Procedure vests the judges of the Territorial Court with discretion to accept or reject a plea of guilty offered at trial.[3] United States v. Hecht, 638 F.2d 651, 656 (3d Cir. 1981). Accordingly, a judge may reject the results of a plea negotiation if the judge concludes that the resulting agreement "is not in the best interests of justice." Government of the Virgin Islands v. Walker, 261 F.3d 370, 375 (3d Cir. 2001). However, a judge "must not use the sentencing power as a carrot and stick to clear congested calenders, and must not create an appearance of such practice." Id. at 376 quoting United States v. Walker, 124 F. Supp.2d 933, 938 (D.V.I. App. Div. 2000). "[I]mpartiality and the appearance of impartiality are the *sine qua non* of the American legal system." Alexander v. Primerica Holdings, 10 F.3d 155, 167 (3d Cir. 1993). On the

---

[3] Under Rule 7 of the Territorial Court Rules, the Federal Rules of Criminal Procedure govern, because there is no Territorial Court Rule that addresses a judge's discretion to reject a plea offered after a trial has begun.

3

other hand, judicial partiality or bias cannot be inferred solely from a judge's "expressions of impatience, dissatisfaction, annoyance, and even anger." Liteky v. United States, 510 U.S. 540, 555-56 (1994).

Marsham argues that the trial judge rejected his offer to plead guilty in order to punish him for wasting the Government's and the Court's time. The judge was, of course, free to reject a plea agreement that he believed to be "not in the best interests of justice." Walker, 261 F.3d at 375. Indeed, the judge indicated his belief, based on information that he had heard at trial, that the five-year sentence provided in the pretrial agreement would not be appropriate in view of the seriousness of Marsham's crimes.[4] Furthermore, at the sentencing hearing, the judge made no reference to Marsham's failure to accept a pretrial plea agreement; instead, he carefully listed the factors that he had considered in his determination of the appropriate sentence.[5]

Notwithstanding the trial judge's thoughtful justification of Marsham's 27 year sentence and his earlier comments that showed his belief that five years was an insufficient sentence in light of the seriousness of Marsham's crimes, other comments made by the judge, immediately upon hearing Marsham's offer to plead, create the

---

[4] Shortly after learning of Marsham's decision to plead guilty, the judge stated that "[t]here's no five years in this, not even ten years in this." App. 5. The following day, the judge commented that, "[a]t this point in time, from the evidence I've heard, if he's willing to plea to three 10-year felonies, then I'll take the plea." App. 16-17.

[5] The judge noted that Marsham was the mastermind and driving force behind the burglaries, that the burglaries were all premeditated, that Marsham had previously appeared before the Court, and his belief that Marsham would continue to commit crimes if he were not imprisoned. App. 70-73.

4

appearance of impartiality. On learning of Marsham's offer, the judge stated:

> If he is going to wait until now, after two days of trial; after we have gone through the preparation of the case–and I could see that the Government did a tremendous amount of work . . . . I will not accept a plea now at this stage that's only going to talk about ten years, because the defendant knew from day one . . . that the others were going to plea. App. 4-6.

The judge further opined that "[m]aybe now when the Government makes the offers people will take the Government seriously about that." App. 7. The following day, the judge rejected a modified plea agreement, stating: "[Y]ou know, he was offered a decent plea last November like all the others and he held out." App. 15.

The judge can hardly be faulted for expressing his irritation at Marsham's opportunistic attempt to resuscitate the pretrial plea agreement. However, the judge's comments, that Marsham rejected a "decent" plea agreement, that the Government had done a "tremendous amount of work," and that "[m]aybe now . . . people will take the Government seriously," when coupled with the 27 year sentence, create the appearance that he punished Marsham for exercising his constitutional right to go to trial. Because "public confidence in the judicial system mandates, at a minimum, the appearance of neutrality and impartiality in the administration of justice," Alexander, 10 F.3d at 157, we are compelled to vacate Marsham's sentence and remand for a new sentencing hearing before a different judge.[6] We emphasize that we do this in order to remove the appearance of partiality, not because we believe that the trial judge, in fact, punished Marsham for going to trial. Accordingly,

---

[6] We do this under our inherent powers. Walker, 261 F.3d at 376; Primerica Holdings, 10 F.3d at 167; Haines, 975 F.2d at 97-98.

5

we leave it to the discretion of the Territorial Court to assign a sentence that is consistent with the terms of Marsham's plea agreement.

Marsham further argues that his 27 year sentence for three counts of grand larceny constitutes cruel and unusual punishment, in violation of the Eighth Amendment. We disagree. Even under the liberal "proportionality" standard set forth in <u>Solem v. Helm</u>, 463 U.S. 277, 290 (1983), Marsham's sentence is not unconstitutional.[7]

For the foregoing reasons, we will vacate the order of the District Court dated June 13, 2001, and remand to the Territorial Court for resentencing before a different judge.

---

[7]<u>Solem</u> directs that we consider objective factors such as "the gravity of the offense and the harshness of the penalty." <u>Id</u>. at 292. Marsham's offenses were serious: he organized and led a series of commercial burglaries, recruited others, damaged property, and took large sums of cash. <u>See</u> <u>also</u> <u>Lockyer v. Andrade</u>, No. 01-1127, slip op. at 8 (U.S. Mar. 5, 2003).