NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3486
_____

GEORGE LOMBARDI,

Appellant

v.

VICTORIA WINGO;
WILBUR B. SUFFECOL;
COMMISSIONER OF FINANCE OF THE
GOVERNMENT OF THE VIRGIN ISLANDS

_____

On Appeal from the District Court
of the United States Virgin Islands,
Division of St. Croix, Appellate Division
(Civ. No. 1-02-cv-00153)

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, December 13, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*

(Opinion filed: January 24, 2011)

_____

OPINION
_____

McKEE, *Chief Judge*.

Appellant George Lombardi appeals the memorandum and order entered July 28, 2009 by the District Court of the United States Virgin Islands, Appellate Division. For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, we will recite only the facts and procedural history that are necessary for the disposition of this case.

Lombardi filed this appeal after the Appellate Division remanded the case to the Superior Court. That remand was with the instructions that, "subject to applicable law concerning the accrual of interest pending appeal, interest be awarded at the statutory rate of 4%, from September 6, 2002 the date that judgment was certified as final and appealable." *Lombardi v. Wingo*, No. 2002-0153 (D.V.I. filed July 28, 2009), *available at* App. 188-209, 202.

On appeal, Lombardi argues that it was error for the Superior Court: (1) to order him to provide Plaintiffs with restitution in the amount of the $19,000 purchase price they paid to him for the property;[1] (2) to deny his claim for indemnification and/or contribution from the Commissioner of Finance for the $19,000; (3) to order the Commissioner of Finance to return the purchase price for the property without providing interest from the date of sale of the property to the date of this decision; (4) to deny

---

[1] Lombardi also argues that if we agree with him that Plaintiffs were not entitled to reimbursement of the $19,000, we should find that Plaintiffs are entitled to reimbursement from the Commissioner of Finance of the money Lombardi paid to purchase the property, including interest, and the stamp fees that Lombardi paid to transfer the deed to the Wingos. We do not address this argument because we agree with the Appellate Division that Plaintiffs were entitled to reimbursement of the $19,000.

Lombardi's claim against the Commissioner of Finance for repayment of his stamp fees; and (5) to deny his request for attorney's fees. The Commissioner of Finance argues that we do not have jurisdiction to hear this appeal because the Appellate Division's order was not a final order.[2] We must first determine whether we have jurisdiction before we address the merits of this appeal.

## II.

According to the Commissioner of Finance, the Appellate Division's July 28, 2009 order was not final (and is therefore not appealable) because the court remanded the calculation of post-judgment interest to the Superior Court. We have jurisdiction over final orders of the Appellate Division pursuant to 48 U.S.C. § 1613a(c). "[O]ur cases have uniformly held that 48 U.S.C. § 1613a(c) has the same requirements for appealability as 28 U.S.C. § 1291." *Gov't of V.I. v. Hodge*, 359 F.3d 312, 317 (3d Cir. 2004). Appeals from the Appellate Division are treated the same as appeals from other federal district courts. *Id.* at 318.

A final decision "is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, *ministerially*, the execution of the decree." *Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993). This court has acknowledged that "it is sometimes appropriate that the requirement of finality be given a practical rather than a technical

---

[2] Additionally, in the alternative, the Commissioner of Finance argues that we should affirm the Appellate Division's holding that Lombardi was not entitled to indemnification and/or contribution from the Commissioner of Finance.

3

construction." *Plymouth Mut. Life Ins. Co. v. Ill. Mid-Continent Life Ins. Co. of Chicago, Ill.*, 378 F.2d 389, 391 (3d Cir. 1967) (internal quotation marks omitted).

In *Government of Virgin Islands  v. Marsham*, 293 F.3d 114, 115 (3d Cir. 2002), we held that, although "the Appellate Division technically 'remanded' the case for resentencing, there would be nothing left for the [Superior Court] to do but to execute the Appellate Division's order." *Id.* at 117.  Therefore, the matter was remanded to the trial court "simply for a ministerial entry." *Id*.  Accordingly, we held that the Appellate Division's order was final and appealable. *Id.*

Here,  the Appellate Division remanded the case to the Superior Court solely to calculate post-judgment interest and with the instruction that interest should be calculated at 4% beginning on September 6, 2002.  Thus, as in *Marsham*, the Appellate Division has technically "remanded" the case to the trial court, but on remand the Superior Court has nothing to do but execute the Appellate Division's order.  Also as in *Marsham*, the Appellate Division's remand is purely ministerial and does not affect the disposition of the case.  Accordingly, we conclude that we have jurisdiction to hear this case because the Appellate Division's order was final.[3]

---

[3] In deciding that the order was final in *Marsham*, we noted:

If this Court were to rule otherwise, the case would return to the Territorial Court to vacate the restitution order. Once vacated, both the Government and Marsham would then be required to appeal, again, to the same Appellate Division on the same issues that were raised previously before it. The Appellate Division would presumably rule the same way, and only then would the parties be permitted to appeal to this Court. Such a process would be nothing but an exercise in formalism and futility.

**III.**

After reviewing the issues presented by Lombardi on appeal, we find them to be meritless.  The Appellate Division issued a detailed and thoughtful opinion that carefully considered the issues.  We will affirm substantially for the reasons set forth in the opinions of the Appellate Division and the Superior Court.  *See Lombardi v. Wingo*, No. 2002-0153 (D.V.I. filed July 28, 2009), *available at* App. 188-209; *Wingo v. Lombardi*, No. 946-1992 (V.I. Super. Ct. February 18, 1997), *available at* App. 5-20; *Wingo v. Lombardi*, No. 946-1992 (V.I. Super. Ct. September 6, 2002), *available at* App. 21-27.

---

*Id.* at 117 n.2.  The same concerns exist here.