**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3218
_____

NORDEL CHARLES, JR.
a/k/a Boyo

v.

PEOPLE OF THE VIRGIN ISLANDS,

Nordel Charles, Jr.,

Appellant

_____

On Appeal from the District Court
for the District Court of the Virgin Islands
(D.C. Criminal No. 3-06-cr-00045-001)
District Judge: Hon. Curtis V. Gomez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013

BEFORE: FISHER, COWEN AND NYGAARD,  Circuit Judges

(Filed: January 2, 2014)

_____

OPINION
_____

COWEN, Circuit Judge.

The defendant-appellant, Nordel Charles, Jr., challenges the sentence imposed by the Superior Court of the Virgin Islands. We will affirm. Because we write primarily for the parties, we here provide only a brief recitation of the pertinent factual and procedural history.[1]

Charles and co-conspirator Shawn Audain were charged with several violations of the Virgin Islands Code, stemming from the May 22, 2005 shooting of Lahkeal George. In April 2006, a jury found Charles guilty of one count of attempted first degree murder, two counts of using an unlicensed firearm during the commission of a crime of violence, two counts of first degree robbery, and two counts of first degree assault.

On May 31, 2006, the Superior Court sentenced Charles to a lengthy term of imprisonment and ordered that he be held jointly and severally liable for restitution to George, for George's hospital expenses that related to the shooting.[2] In so doing, the court noted that such expenses totaled $40,427 but were expected to increase. (*See* J.A. 95, 109.) Charles did not object to the imposition of restitution.

Charles timely appealed from both his conviction and sentence to the Appellate Division of the District Court of the Virgin Islands. His attorney then filed both a motion to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967),

---

[1] An ample account of the full factual and procedural history appears in *Charles v. Virgin Islands*, D.C. Crim. App. No. 2006-45, 2012 WL 3289317, at *1-2 (D.V.I. July 24, 2012).

[2] The Superior Court sentenced Charles on May 31, 2006, but entered the related

2

asserting that the appeal presented no meritorious or non-frivolous issues. The Appellate

Division reviewed the case, found no issues with either Charles's convictions or sentence,

and affirmed. *See generally Charles*, 2012 WL 3289317.

Charles now appeals from the Appellate Division's affirmance of the sentence

imposed by the Superior Court.[3] Specifically, he challenges the imposition of restitution,

arguing that the District Court erred by neither: (1) finding "a substantial and compelling

reason not to order restitution," pursuant to 34 V.I.C. § 203(d)(3); nor (2) making findings

relating to his ability to make restitution. Because Charles did not object to the

imposition of restitution during sentencing, we review it using the same standard of

review as the Appellate Division: i.e., for plain error. *See, e.g.*, *Virgin Islands v. Lewis*,

620 F.3d 359, 364 n.4 (3d Cir. 2010). That "'standard is met when there is an "error" that

is "plain" and that "affects substantial rights."'" *Id.* (quoting *United States v. Wolfe*, 245

F.3d 257, 261 (3d Cir. 2001) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993))).

Upon consideration of Charles's arguments and the record below, we find no plain

error. The Virgin Islands, like the states, "has a fundamental interest in appropriately

punishing persons—rich and poor—who violate its criminal laws." *Bearden v. Georgia*,

461 U.S. 660, 669 (1983). As such, the Superior Court did not commit plain error when it

ordered Charles to pay restitution to George, despite Charles's alleged indigence. "A

_____

Judgment on June 7, 2006.

    [3] Because Charles's appeal reached the Appellate Division in 2006, before the
establishment of the Supreme Court of the Virgin Islands, the Appellate Division had
jurisdiction pursuant to 48 U.S.C. § 1613a(a). Resultantly, we have jurisdiction pursuant
to 48 U.S.C. § 1613a(c).

defendant's poverty in no way immunizes him from punishment," and nothing "precludes a judge from imposing on an indigent, as on any defendant, the maximum penalty prescribed by law." *Id.* at 669-70 (citation omitted) (internal quotation marks omitted).

Furthermore, we find no merit in Charles's second argument. In a recent, albeit unrelated, opinion, we explicitly rejected a defendant's contention that the sentencing court erred by failing to make findings relating to his ability to make restitution payments. *See United States v. Gillette*, No. 09-2853, 2013 WL 6333443, at *12 (3d Cir. Dec. 6, 2013). While making such findings may be "a most desirable practice," the Superior Court's "failure to initiate such an inquiry does not . . . constitute reversible error." *Gov't of V.I. v. Marsham*, 293 F.3d 114, 119 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court entered on July 24, 2012.